IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** ) | Case No. |
| William J. Warren and, ) | |
| Sindora M. Warren, ) | |
|     **Plaintiffs,** ) | |
|     **vs.** ) | |
| Wells Fargo Bank, N.A., as successor ) | |
| by merger to Wells Fargo Bank ) | |
| Minnesota, N.A., as trustee for Merrill ) | |
| Lynch Mortgage Investors Trust, Mortgage ) | |
| Loan Asset-Backed Certificates, ) | |
| Series 2003-WMC2, ) | |
|     **Defendant.** | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**AND NOW**, comes the Plaintiffs, William J. Warren and Sindora M. Warren "Warrens"), husband and wife, sue the Defendant, Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2, ("Wells Fargo") and allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 as this case presents a federal question, and pursuant to 15 U.S.C. §1692k (d) and/or pursuant to 28 U.S.C. §1367 for pendant state law claims.

2. The Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, *et seq.* (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter "FDCPA"), and Unfair Trade Practices and Consumer Protection Law (hereafter "UTPACP")

3. The Defendant, Wells Fargo, has an address at 4828 Loop Central Drive, Houston, Texas 77081-2226.

4. The alleged violations described herein occurred in Verona, Pennsylvania. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b) (2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

5. The Plaintiffs are natural persons over the age of eighteen (18), who reside in Verona, Pennsylvania.

6. The Plaintiffs were individuals who were obligated to pay money to the Defendant pursuant to a note and mortgage.

7. The Plaintiffs are "consumers" as that term is defined by 15 U.S.C. §1692a (3).

8. The Plaintiffs are the parties who received mail at their home, 4094 Greenridge Drive, Verona, PA 15147, as further described herein.

9. The Plaintiff, William J. Warren, is the "called party" with respect to the calls placed to his past cellular telephone numbers, (412) 897-4751, (724) 914-1463, and (412) 944-6287, as further described herein. *See Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 643 (7th Cir. 2012).

10. The Plaintiff, Sindora M. Warren, is the "called party" with respect to calls placed to her past cellular telephone numbers, (412) 818-1825, (724) 914-1465, (412) 897-1213, and (412) 944-6363 as further described herein.

11. The Plaintiffs owned real estate on which there was a mortgage associated with Wells Fargo Bank.

12. The Warrens filed a Chapter 7 bankruptcy on October 6, 2009, at Case No. 09-27403 BM.

13. After October 2009, Plaintiffs gave notice to Wells Fargo Bank that they would not retain their home, 4094 Greenridge Drive, Verona, PA 15147.

14. On January 12, 2010, the Plaintiffs were discharged from the bankruptcy. The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In continuing to contact the Warrens, and engage in collection efforts, Wells Fargo has violated the Plaintiffs' discharge. Attached as **Exhibit "A"** is a copy of the Discharge Order.

## FACTUAL ALLEGATIONS

15. At all times material hereto, Wells Fargo Bank did transact business in Verona, Pennsylvania as a "debt collector" as that term is defined by 15 U.S.C. §1692a (6). Defendant sought to collect an alleged debt from the Warrens that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

16. At all times material, Wells Fargo Bank was the servicer of a mortgage loan which is the subject of the unlawful collection activity at issue herein.

17. As described herein, Wells Fargo Bank employed business practices resulting in intentional harassment and abuse of the Plaintiffs and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above referenced mortgage loan debt from Plaintiffs.

18. Wells Fargo Bank has engaged in conduct in violation of the TCPA, FDCPA, and

the UTPACP, and constituting intentional harassment and abuse of the Plaintiffs, by and through its agents and representatives, on numerous occasions within the five (5) year period preceding the filing of this action.

19. As described herein, Wells Fargo Bank implemented its unlawful collection conduct by sending Plaintiffs threatening collections letters asserting false and misleading information to the Plaintiffs at their home residence at 4094 Greenridge Drive, Verona, PA 15147.

20. As described herein, Wells Fargo Bank implemented its unlawful collection conduct by reporting false information to the credit reporting agencies with respect to Plaintiffs, and by initiating calls to Plaintiff, William J. Warren's, past cellular telephone numbers, (412) 897-4751 and (724) 914-1463 and current cellular telephone number (412) 944-6287, Plaintiff, Sindora M. Warren's, past cellular telephone number, (412) 818-1825, (724) 914-1463, and (412) 897-1213, and current cellular telephone number (412) 944-6363, and to the Warren's past residential telephone numbers, (412) 704-7691, (412) 795-3761, (412) 795-3669, and (412) 704-0102 and current residential telephone number, (412) 704-7691, several times per day, and on back to back days, with such frequency as can be reasonably expected to harass, in an effort to collect the above described mortgage loan debt.

   a. Wells Fargo Bank further implemented its unlawful collection conduct by initiating calls to the parents of William J. Warren's residential telephone number (814) 382-9801.

21. The Plaintiff, William J. Warren, was the regular user and carrier of the cellular telephone numbers at issue; (412) 897-4751 and (724) 914-1463, which have since been

discontinued, and is currently the regular user and carrier of the cellular telephone number at issue, (412) 944-6287, and was the called party and recipient of Defendant's above described calls.

22. The Plaintiff, M. Sindora Warren, was the regular user and carrier of the cellular telephone numbers; (412) 818-1825, (724) 914-1465, and (412) 897-1213, which have since been discontinued, and is currently the regular user and carrier of the cellular telephone number at issue, (412) 944-6363, and was the called party and recipient of Defendant's above described calls.

23. Within the five (5) year period preceding the filing of this action, the Defendant intentionally harassed and abused the Plaintiffs and their family, on numerous occasions by its agents and representatives calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number several times during one day, up to five (5) times a day, and on back to back days, with such frequency as can reasonably be expected to harass.

24. After the loan assignment, Defendant initiated its campaign of telephone collection calls to the Plaintiffs on their aforementioned cellular telephone numbers and residential telephone number.

25. Despite having received the letters demanding the Wells Fargo Bank cease and desist all communication with Plaintiffs regarding the debt at issue, and notifying Defendant that Plaintiffs were represented by counsel with respect to the subject debt, Defendant proceeded undeterred in its campaign of intentional harassment and abuse of the Plaintiffs in an effort to collect the debt, including but not limited to:

    a. Calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number several times per day and on back to back days through the present

time (or such time as will be established after a thorough review of Defendant's' records). In most instances, Defendant would place a call to each of the above described telephone numbers within minutes of each other;

      b. Calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number from an automated telephone dialing system and leaving pre-recorded messages on Plaintiffs' answering machine and respective voice mail boxes, identifying Plaintiffs and stating that the message was left in "an attempt to collect a debt";

      c. Calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number and hanging up either prior to or as soon as Plaintiffs, members of Plaintiffs' household, or the Plaintiffs' answering machine or voice mail boxes answered the call;

      d. Calling from numerous different telephone numbers that appeared on Plaintiffs' called ID as someone or some entity other than Wells Fargo Bank, or with no identification;

26. To date, Wells Fargo Bank has placed numerous phone calls to Plaintiff, Sindora M. Warren's, aforementioned cellular telephone number in an effort to collect the alleged debt at issue.

27. On numerous occasions, , Sindora M. Warren answered the Defendant's phone calls in an attempt to be removed from the call list, informing the Defendant not to call her cellular telephone number any longer, and that a cease and desist letter had previously been sent to Defendant.

28. Each of Sindora J. Warren's conversations with the Defendant demanding an end to the harassment was ignored.

29. To date, Defendant Wells Fargo Bank has placed numerous phone calls to Plaintiff, William J. Warren's, aforementioned cellular telephone number in an effort to collect the alleged debt at issue.

30. On numerous occasions, Plaintiff ,William J. Warren, answered the Defendant's phone calls in an attempt to be removed from the call list, informing the Defendant not to call her cellular telephone number any longer, and that a cease and desist letter had previously been sent to the Defendant.

31. Each of Plaintiff, William J. Warren's, conversations with the Defendant demanding an end to the harassment was ignored.

32. To date, Wells Fargo Bank has placed phone calls to Plaintiffs' aforementioned residential telephone number in an effort to collect the alleged debt at issue.

33. To date, Wells Fargo Bank has placed approximately two-hundred and fifty (250) or more phone calls to the Warrens' aforementioned cellular and residential phone numbers.

34. To date, Wells Fargo Bank has continued to send mail to the Warrens' aforementioned address, and the mail continues through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendant's records).

35. The telephone calls at issue were placed by Wells Fargo Bank using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

36. Wells Fargo Bank initiated each of the calls at issue to Plaintiffs' aforementioned cellular telephone numbers without the "prior express consent" of Plaintiffs, as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

37. Additionally, none of the telephone calls at issue were placed by Wells Fargo Bank to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

38. Wells Fargo Bank willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

39. Wells Fargo Bank has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiffs' aforementioned cellular telephone numbers, as described herein.

40. Despite actual knowledge of its wrongdoing, Wells Fargo Bank continued the campaign of abuse.

41. Wells Fargo Bank corporate policy is structured to continue to call individuals like Plaintiffs, despite these individuals explaining to the Defendant that they had retained legal counsel with respect to such debts, had retained agents to assist with obtaining mortgage loan modifications, and/or were actively proceeding with modification agreements.

42. Wells Fargo Bank's corporate policy provided no means for the Plaintiffs to have their aforementioned cellular telephone numbers or residential telephone number removed from the call list.

43. Wells Fargo Bank has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

44. Wells Fargo Bank followed its corporate policies when attempting to communicate with the Plaintiffs in connection with the debt at issue.

45. Wells Fargo Bank has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

46. Wells Fargo Bank is, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiffs' respective cellular telephone numbers and residential telephone number over the relevant time period.

47. As a direct and proximate result of Wells Fargo Bank's acts or omissions, as set forth herein, Plaintiffs have suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

48. The Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life have continued and are continuing as of the filing of this complaint.

49. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## (VIOLATION OF THE TCPA)

50. The Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (49), as if fully set forth herein.

51. None of the calls at issue were placed by Wells Fargo Bank to William J. Warren's aforementioned cellular telephone number with the "prior express consent" of William Warren, as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

52. None of the calls at issue were placed by Wells Fargo Bank to Sindora M. Warren's aforementioned cellular number with the "prior express consent" of Sindora Warren, as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

53. Alternatively, Plaintiffs revoked any "prior express consent" Wells Fargo Bank had or mistakenly believed it had by:

    a. Verbally requesting that Defendant stop placing calls to their aforementioned cellular telephone numbers;

    b. Notifying Defendant that they were represented by counsel with respect to the subject debt. *See* 15 U.S.C. §1692c (a) (2).

54. Furthermore, none of the calls at issue were placed by Wells Fargo Bank to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

55. Wells Fargo Bank willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly placing calls to Plaintiffs' respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

56. The TCPA provides Plaintiffs with a private right of action against Wells Fargo Bank for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. §227(b)(3), and permits both injunctive relief in addition to statutory damages.

    **WHEREFORE,** the Plaintiffs, William J. Warren and Sindora M. Warren, respectfully demand judgment against, the Defendant, Wells Fargo Bank, N.A., for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, costs,

interest, and any other such relief the court may deem just and proper.

## COUNT II
### (VIOLATION OF THE FDCPA)

57. The Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (56), as if fully set forth herein.

58. The Plaintiffs have been the object of collection activity by Wells Fargo Bank arising from a consumer debt.

59. Wells Fargo Bank is a "debt collector" as defined by the FDCPA.

60. Wells Fargo Bank engaged in an act or omission prohibited under 15 U.S.C. §1692c(a)(2) by communicating with the Plaintiffs in connection with the collection of a debt when Defendant knew Plaintiffs were represented by an attorney with respect to the debt and had knowledge of the attorney's name and address.

61. Wells Fargo Bank engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiffs.

62. Wells Fargo Bank engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiffs' respective telephones to ring or engaging Plaintiffs in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiffs at their aforementioned cellular telephone numbers.

63. Wells Fargo Bank engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number and hanging up prior to or as soon as Plaintiffs or Plaintiffs' voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

64. Wells Fargo Bank engaged in an act or omission prohibited under 15 U.S.C.

§1692e (11) by calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number and hanging up prior to or as soon as Plaintiffs or Plaintiffs' answering machine or voice mail boxes answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

65. Wells Fargo Bank engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiffs.

66. Wells Fargo Bank's acts and omissions as described herein have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

**WHEREFORE**, the Plaintiffs, the William J. Warren and Sindora M. Warren, respectfully demand judgment against the Defendant, Wells Fargo Bank, N.A., for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
### (VIOLATION OF THE UTPACP)

67. The Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (66), as if fully set forth herein.

68. At all times material to this action Wells Fargo Bank was and is subject to and must abide by the law of Pennsylvania.

69. Wells Fargo Bank engaged in an act or omission prohibited under section 73 P.S. g

201-2 (xxi), by engaging in fraudulent or deceptive conduct which creates the likelihood of confusion or of misguidance in that they, were calling to collect a discharged debt.

70. Wells Fargo Bank engaged in an act or omission prohibited under section 73 P.S. g 201-2 (xxi), by attempting to collect a discharged debt.

71. Wells Fargo Bank engaged in an act or omission prohibited by the discharge in bankruptcy, by attempting to enforce a debt that had been discharged.

72. Wells Fargo Bank's actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by 73 P.S. 201-9.2 Statutes, including, but not limited to: statutory damages, $100.00 for each violation, and reasonable attorney fees and costs.

**WHEREFORE,** the Plaintiffs, William J. Warren and Sindora M. Warren,, respectfully demand judgment against the Defendant, Wells Fargo Bank, N.A., for statutory damages, actual damages, punitive damages, an injunction for similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT IV
### (VIOLATION OF DISCHARGE)

73. The Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (72), as if fully set forth herein.

74. The Plaintiffs have been the object of collection activity by Wells Fargo Bank arising from a consumer debt.

75. The consumer debt of the Plaintiffs was discharged by order of the Bankruptcy Court on January 12, 2010.

76. When the Discharge Order was entered; it discharged the Plaintiffs, finding, *inter*

*alia*, that they are discharged from their debt to Wells Fargo Bank. It reflects that, *inter alia*:

**Collection of Discharged Debts Prohibited**

**The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.**

77. After the discharge, Wells Fargo Bank continued to contact and attempt to collect the debt more than two-hundred and fifty (250) times on their cellular and residential telephone numbers, notwithstanding the fact that Wells Fargo Bank was put on notice numerous times that the debt was discharged by order of the Bankruptcy Court.

78. After the discharge, Wells Fargo Bank continued to send collection letters to the Plaintiffs' residential home; notwithstanding the fact that Wells Fargo Bank was put on notice numerous times that the debt was discharged by order of the Bankruptcy Court.

79. In violation of this discharge, Wells Fargo Bank is liable for sanctions, punitive damages of $100.00 per violation, attorney fees and costs, and any other relief that the Court determines to be appropriate.

**WHEREFORE**, the Plaintiffs, William J. Warren and Sindora M. Warren, e respectfully demand judgment against the Defendant, Wells Fargo Bank, N.A., for statutory damages, actual damages, punitive damages, an injunction for similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

**Respectfully submitted,**

| | |
|---|---|
| **DATED:** August 12, 2015 | **BY:**   /s/ Donald R. Calaiaro<br>**Donald R. Calaiaro, Esquire  PA ID #27538**<br>dcalaiaro@c-vlaw.com<br>**David Z. Valencik, Esquire PA ID #308361**<br>dvalencik@c-vlaw.com<br>**CALAIARO VALENCIK**<br>**428 Forbes Avenue, Suite 900**<br>**Pittsburgh, PA  15219-1621**<br>**(412) 232-0930** |

**Attorney for Plaintiff:**

Donald R. Calaiaro, Esquire  PA ID #27538
dcalaiaro@c-vlaw.com
CALAIARO VALENCIK
428 Forbes Avenue, Suite 900
Pittsburgh, PA  15219-1621
(412) 232-0930

**Attorney for Defendant:**

Harry B. Reese, Esquire ID #310501
Udren Law Offices
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ  08003-3620
(856) 669-5400