IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. WARREN and SINDORA M. WARREN, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., *as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2*, <br><br> Defendant. | 2:15-cv-1067 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION TO DISMISS COUNTS II-IV OF PLAINTIFFS' COMPLAINT (ECF No. 6) filed by Defendant Wells Fargo Bank, N.A., as Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2 ("Wells Fargo"), with a brief in support (ECF No. 7). Plaintiffs William J. Warren and Sindora M. Warren filed a response to the motion, along with a brief in support (ECF Nos. 10, 11). Accordingly, the motion is ripe for disposition.

**I.     Background**

The following background is drawn from the Complaint, and the factual allegations therein are accepted as true for the purpose of this Memorandum Opinion.[1] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

---

1. The Court has also taken judicial notice of matters outside the pleadings, including documents from prior proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") and the Court of Common Pleas of Allegheny County, which are attached to and/or referenced in the parties' filings.

### A. Factual Background

Plaintiffs are the owners of real property located at 4094 Greenridge Drive, Verona, Pennsylvania (the "Property"). The Property is collateral for a mortgage loan allegedly serviced by Wells Fargo.

On October 6, 2009, Plaintiffs filed for Chapter 7 protection in the Bankruptcy Court. At some point that month, Plaintiffs gave notice to Wells Fargo that they would not retain the Property. Plaintiffs nevertheless continued to live on the Property – and apparently still do so.

On May 5, 2010, Wells Fargo filed a Complaint in Mortgage Foreclosure in the Court of Common Pleas of Allegheny County. In its pleading, Wells Fargo averred that the mortgage on the Property had been in default since June 1, 2009. Wells Fargo also averred that it held the mortgage by assignment recorded on January 20, 2010. Accordingly, Wells Fargo sought to foreclose on the mortgage and sell the Property.

On January 12, 2012, Plaintiffs were granted a discharge by the Bankruptcy Court. The explanation attached thereto states, in part, that the "discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages, or other property, or to take any other action to collect a discharged debt from the debtor . . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor." ECF No. 11-1.

Plaintiffs allege that, following their discharge, Wells Fargo engaged in unlawful collection efforts by sending threatening, false, and misleading collection letters to their home. In addition, Wells Fargo also allegedly provided false information to credit reporting agencies and placed automated/prerecorded calls to Plaintiffs' residential and cellular telephone numbers

several times per day, on consecutive days, totaling approximately two-hundred-and-fifty (250) attempts – all in an apparent effort to collect on the mortgage debt as a personal liability in violation of the Bankruptcy Court' discharge order as well as several federal and state consumer protection laws. According to Plaintiffs, they have taken several steps to end the so-called collection efforts, such as speaking with representatives of Wells Fargo, demanding to be removed from the call list, and sending a cease-and-desist letter to the company.

### B. Procedural History

Plaintiffs commenced this action on August 12, 2015 by filing a four-count Complaint in which they allege violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") and the Unfair Trade Practices and Consumer Protection Law ("UTPACP"), as well as a "violation of discharge" claim. Wells Fargo moves the Court to dismiss Counts Two-Four of the Complaint – *i.e.*, the FDCPA, the UTPACP, and the "violation of discharge" claims –which the Court will now address.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine

4

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Wells Fargo seeks dismissal of the FDCPA, the UTPACP, and the "violation of discharge" claims. The Court will address Counts Two-Four seriatim.

### A. Count Two: FDCPA

Wells Fargo argues that Plaintiffs' Complaint contains insufficient factual allegations to establish an element of an FDCPA claim -- specifically, that the defendant is a "debt collector." For their part, Plaintiffs urge the Court to examine the underlying state court records in which Wells Fargo apparently admitted that it was assigned the mortgage after default occurred, and therefore, it qualifies as a "debt collector" under the FDCPA.

"The FDCPA's provisions generally apply only to 'debt collectors.'" *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)). A "debt collector" under the statute is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA." *Pollice*, 225 F.3d at 403 (citations omitted). A creditor's assignee is also "not a 'debt collector' if the obligation is not in default at the time of the assignment; conversely, an assignee may be deemed a 'debt collector' if the obligation is already in default when it is assigned." *Id.* at 403. "Similarly, when a mortgage-servicing company is servicing a current payment plan rather than demanding payment on a defaulted loan, the mortgage-servicer is not subject to the FDCPA." *Ruff v. America's Servicing Co.*, No. CIV.A.07-0489, 2008 WL 1830182, at *5 (W.D. Pa. Apr. 23, 2008) (citing *Pollice*, 225 F.3d at 403). "If, however, the mortgage was already in default at the time the mortgage-servicer began servicing the loan, the mortgage-servicer will be considered a 'debt collector' under the FDCPA." *Id.*

Here, Plaintiffs' Complaint is devoid of any facts regarding when the default occurred or when Wells Fargo's service on the loan began. Plaintiffs instead include only threadbare legal conclusions that Wells Fargo is a "debt collector" as defined by the FDCPA. *See, e.g.*, Pls.' Compl. at ¶ 15 ("At all times material hereto, Wells Fargo Bank did transact business in Verona, Pennsylvania as a 'debt collector' as that term is defined by 15 U.S.C. §1692a(6)."); ¶ 59 ("Wells Fargo Bank is a 'debt collector' as defined by the FDCPA."). By Plaintiffs' own admission, "it may not be clear from the face of the pleading[ ] in this case whether the Defendant is the original lender or a party authorized to act on the original lender's behalf by a servicing agreement." Pls.' Br. at 6. And where, as here, a plaintiff fails to adequately allege that the mortgage was in default at the time the defendant obtained the servicing rights/began servicing the loan, dismissal is appropriate. *See Owens v. JP Morgan Chase Bank*, No. CIV.A. 12-1081, 2013 WL 2033149, at *4 (W.D. Pa. May 14, 2013) (collecting cases).

At the same, the Complaint in Mortgage Foreclosure filed by Wells Faro in the Court of Common Pleas of Allegheny County suggests that the mortgage on the Property had been in default since June 1, 2009 and that Wells Fargo received the mortgage by Assignment of Mortgage recorded January 20, 2010. Even so, "there are too many allegations and arguments falling outside the scope of the [ ] Complaint for the Court meaningfully to resolve the parties' disagreements regarding Defendant's purported 'debt collector' status." *Platek v. Safeguard Properties Inc.*, No. CIV.A. 12-1607, 2013 WL 5357157, at *2 (W.D. Pa. Sept. 25, 2013). Plaintiffs may cure this deficiency by re-pleading Count Two with sufficient facts (perhaps from the state court pleading(s)) from which the Court may conclude that Wells Fargo qualifies as a "debt collector." At this time, however, the Court will grant the motion to dismiss Count Two of the Complaint

7

### B. Count Three: UTPACP

Wells Fargo next seeks dismissal of Count Three of the Complaint, arguing that Plaintiffs have not alleged an ascertainable loss or justifiable reliance as the required by the statute. For their part, Plaintiffs concede that "[t]echnically[,] the Defendant has properly raised an issue with regard to the Complaint, as pled" and that "[t]he analysis of the Defendant is correct as to that consumer statute [*i.e.*, the UTPACP]." Pls.' Br. at 7. Yet in doing so, Plaintiffs assert that they have a separate claim under the Fair Credit Extension Uniformity Act and request leave to amend their Complaint to assert same. The Court will grant this request. Accordingly, the Court will grant the motion to dismiss Count Three of the Complaint and grant Plaintiffs leave to amend.

### C. Count Four: "Violation of Discharge"

Wells Fargo also seeks dismissal of Count Four of the Complaint, entitled "Violation of Discharge," in which Plaintiffs seek to enforce/recover under the Bankruptcy Court's discharge order issued under 11 U.S.C. § 524. In support, Wells Fargo contends that there is no private right of action to enforce the discharge order. Plaintiffs do not necessarily dispute that position, but instead ask the Court to restyle Count Four as a request that Wells Fargo be sanctioned for its violation of the discharge injunction and held in civil contempt. The Court declines to do so.

"While there is no decision rendered by the Court of Appeals for the Third Circuit directly on this issue, case law that has developed within the Third Circuit as well as other circuits reflects that no private right of action for a discharge violation exists." *In re Englert*, 495 B.R. 266, 270-71 (Bankr. W.D. Pa. 2013); *see also In re Joubert*, 411 F.3d 452, 456 (3d Cir. 2005) ("This Court has not addressed whether § 524 implies a private right of action, either alone or through § 105(a), but the weight of circuit authority is that it does not."). In addition, our

court of appeals has "cited approvingly to cases that concluded that § 524(a)(2) contains no private right of action, and that § 105(a) also does not permit an action in district court seeking enforcement of the bankruptcy court's orders." *Townsend v. M & T Mortgage Corp.*, No. 3:09CV1866, 2010 WL 2573825, at *3 (M.D. Pa. June 23, 2010). And in doing so, the Court of Appeals "'agree[d] with the reasoning of th[o]se cases, and s[aw] no reason why the rule should be different for actions asserted under § 506(b) than § 524.'" *Id.* (quoting *In re Joubert*, 411 F.3d at 456). As such, this Court "concludes that no private cause of action exists pursuant to § 524 and Plaintiff[s] cannot bring a claim in this [C]ourt based on a violation of the discharge injunction." *Id.*

This final point bears emphasis: to the extent that Plaintiffs attempt to rewrite Count Four to seek sanctions against Wells Fargo and hold it in civil contempt, the undersigned notes that, "[a]s a general principle of law, only the court which issues an injunction has the authority to enforce it." *In re Beck*, 283 B.R. 163, 166 (Bankr. E.D. Pa. 2002). "Plaintiffs must therefore go before the bankruptcy court to obtain that relief, since 'the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one.'" *Townsend v. M & T Mortgage Corp.*, No. 3:09CV1866, 2010 WL 2573825, at *4 (M.D. Pa. June 23, 2010) (quoting *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000)). Accordingly, the Court will grant the motion to dismiss Count Four of the Complaint, without leave to amend.

IV.     **Conclusion**

For the reasons hereinabove stated, the Court will grant Wells Fargo's motion to dismiss and allow Plaintiffs to file an Amended Complaint as to Counts Two and Three. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM J. WARREN and SINDORA M. WARREN,** | )<br>)<br>) |
| **Plaintiffs,** | ) 2:15-cv-1067<br>) |
| v. | )<br>) |
| **WELLS FARGO BANK, N.A.**, *as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2*, | )<br>)<br>)<br>)<br>)<br>) |
| **Defendant.** | ) |

## ORDER OF COURT

AND NOW, this 21st day of October, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS COUNTS II-IV OF PLAINTIFFS' COMPLAINT (ECF No. 6) filed by Defendant Wells Fargo Bank, N.A., as Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2 is **GRANTED**. It is **FURTHER ORDERED** that Plaintiffs shall file an Amended Complaint on or before November 4, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Donald R. Calaiaro**
Email: dcalaiaro@c-vlaw.com
**Brett L. Messinger**
Email: blmessinger@duanemorris.com

(via CM/ECF)