IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. WARREN and SINDORA M. WARREN,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2*,<br><br>Defendant. | 2:15-cv-1067 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION TO DISMISS COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 23) filed by Defendant Wells Fargo Bank, N.A., as Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2 ("Wells Fargo"), with a brief in support (ECF No. 24); and a MOTION TO REQUEST HEARING ON DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 28) filed by Plaintiffs William J. Warren and Sindora M. Warren.[1] Plaintiffs have filed a response to the motion to dismiss (ECF No. 27) and a brief in opposition (ECF No. 26); Wells Fargo has filed a reply (ECF No. 29). Accordingly, the motion to dismiss is ripe for disposition.

---

1. The Court will exercise its discretion under Federal Rule of Civil Procedure 78(b) and decide the pending motion to dismiss on the briefs and without oral argument. *See generally Fabics v. City of New Brunswick*, -- F. App'x --, No. 15-1443, 2015 WL 6123513, at *2 n.5 (3d Cir. Oct. 19, 2015) ("[A] district court has broad discretion to decide a motion with or without oral argument.") (citation omitted). Accordingly, Plaintiffs' motion will be denied.

## I. Background

The following background is drawn from the Second Amended Complaint, and the factual allegations therein are accepted as true for the purpose of this Memorandum Opinion. As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

### A. Factual Background

Plaintiffs are the owners of real property located at 4094 Greenridge Drive, Verona, Pennsylvania (the "Property"). The Property is collateral for a mortgage loan allegedly serviced by Wells Fargo.

On October 6, 2009, Plaintiffs filed for Chapter 7 protection in the Bankruptcy Court. At some point that month, Plaintiffs gave notice to Wells Fargo that they would not retain the Property.

On January 12, 2010, Plaintiffs were granted a discharge by the Bankruptcy Court. The explanation attached thereto states, in part, that the "discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages, or other property, or to take any other action to collect a discharged debt from the debtor . . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor."

On May 5, 2010, Wells Fargo filed a Complaint in Mortgage Foreclosure in the Court of Common Pleas of Allegheny County. In its pleading, Wells Fargo averred that the mortgage on the Property had been in default since June 1, 2009. Wells Fargo also averred that it held the

mortgage by assignment recorded on January 20, 2010. Accordingly, Wells Fargo sought to foreclose on the mortgage and sell the Property.

Plaintiffs allege that, following their discharge, Wells Fargo engaged in unlawful collection efforts by sending threatening, false, and misleading collection letters to their home. In addition, Wells Fargo also allegedly provided false information to credit reporting agencies and placed automated/prerecorded calls to Plaintiffs' residential and cellular telephone numbers several times per day, on consecutive days, totaling approximately two-hundred-and-fifty (250) attempts – all in an apparent effort to collect on the mortgage debt as a personal liability in violation of the Bankruptcy Court' discharge order as well as several federal and state consumer protection laws. According to Plaintiffs, they have taken several steps to end the so-called collection efforts but to no avail.

Plaintiffs further allege that they have suffered harm as a result of Wells Fargo's actions. For instance, Mr. Warren alleges that, due to the embarrassment of the repeated telephone calls, he accelerated his drinking and became unable to perform his job, experienced anxiety and severe depression, and attempted to take his own life. Mrs. Warren similarly alleges that she became severely depressed and suffered from anxiety and nervous breakdowns. Their marriage has also "disintegrated." According to Plaintiffs, the foregoing has caused them to suffer actual damages, such as lost income and medical expenses, as well as emotional harm.

**B. Procedural History**

In their Second Amended Complaint, Plaintiffs set forth violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[2] Wells Fargo

---

2. Count Three of the Second Amended Complaint also references a Pennsylvania consumer protection statute, the Fair Credit Extension Uniformity Act ("FCEUA"). The Court notes that "[t]he FCEUA does not have its own

3

moves the Court to dismiss Count Three of the Second Amended Complaint – *i.e.*, the UTPCPL claim – to which the Court now turns.

## II. Standard of Review

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "does not impose a probability requirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a pleading must show "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the Court must follow a three-step approach. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim."" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, the court must assume that all well-pleaded facts are true and construe them in the light most favorably to the plaintiff and "'then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014) (citation omitted).

---

remedy provision; rather, the FCEUA is enforced through the statutory remedy provisions of the UTPCPL." *Salvati v. Deutsche Bank Nat. Trust Co.*, 575 F. App'x 49, 57 (3d Cir. 2014). Thus, Plaintiffs' claim "is premised on the viability of [their] claim under the remedial provision of the UTPCPL," *Id.*

## III. Discussion

The UTPCPL provides for a private right of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of th[e] act." 73 Pa. Stat. § 201-9.2. "Section 3 of the UTPCPL declares unlawful the '[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by [§ 201–2(4)(i)–(xxi) ].'" *Salvati v. Deutsche Bank Nat. Trust Co.*, 575 F. App'x 49, 55 (3d Cir. 2014) (citing 73 Pa. Stat. § 201–3).

"To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) (citations omitted). "As a private action under Section 201-9.2 of the UTPCPL, a FCEUA claim [also] must plead that a plaintiff suffered an ascertainable loss *as a result of* a defendant's prohibited action." *Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1290 (Pa. Super. Ct. 2015) (emphasis in original). In other words, "this requires that justifiable reliance be pled." *Id.*

Wells Fargo contends that Plaintiffs have failed to do just that – plead justifiable reliance. For the reasons that follow, the Court agrees.

Under Pennsylvania law, a plaintiff alleging violations of the [UTPCPL] must prove justifiable reliance."[3] *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 202 (2007) (citing

---

3. Plaintiffs rely on *Toth v. Northwest Savings Bank*, 2013 WL 3477029 (Pa. Com. Pl. Civil Div. June 25, 2013) for the proposition that they are not required to show justifiable reliance where, as here, a plaintiff was a so-called passive party. *See id.* at * 5 ("[A] showing of actual reliance should not be required when ascertainable losses necessarily flow from the fraud or deceit." *Id.* at *5. Plaintiffs also cite *Slapikas v. First Am. Title Ins. Co.*, 298

5

*Yocca*, 854 A.2d 425). "[E]vidence of reliance must go beyond 'simply a causal connection between the misrepresentation and the harm,' and a plaintiff must 'show that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the misrepresentation.'" *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 461 (E.D. Pa. 2013) (quoting *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 222 n.4 (3d Cir. 2008)).

In the Second Amended Complaint, Plaintiffs allege that "[i]n response to and in reliance of the calls from Wells Fargo Bank, N.A. William Warren reacted to the embarrassment and humiliation from these repeated telephone calls." Sec. Am. Compl. at ¶ 93; *see also id.* at ¶ 40. In doing so, Mr. Warren claims that he accelerated his drinking, became depressed and suffered from anxiety, had his marriage "disintegrate[ ]" and attempted to take his own life." As for Ms. Warren, she alleges that "[s]he incurred medical bills because of her reactions in reliance of the phone calls from Wells Fargo Bank, N. A." *Id.* at ¶ 43(A). These allegations, while certainly unfortunate, are nevertheless premised on "nothing more than a causal connection between [their] loss and Defendant[']s unlawful behavior," which the Supreme Court has ruled is insufficient to maintain a UTPCPL claim. *Toy*, 928 A.2d at 201. Nowhere else in the Second Amended Complaint do Plaintiffs actually plead, for instance, that they believed in the validity of Wells Fargo's collection efforts and relied on that belief to their detriment. Instead, Plaintiffs suggest that they understood Wells Fargo was improperly targeting them in its collection efforts

---

F.R.D. 285, 297 (W.D. Pa. 2014), which discussed *Toth* and suggested a distinction with respect to justifiable reliance between "active" and "passive" plaintiffs. This Court is unaware of any other case that either makes this distinction or follows the reasoning of *Toth*. In fact, the Superior Court of Pennsylvania recently explained that "a UTPCPL plaintiff still must prove justifiable reliance and causation in a private action, because our legislature never intended to do away with traditional common law elements of reliance and causation in an UTPCPL action." *Kern v. Lehigh Valley Hosp., Inc.*, 108 A.3d 1281, 1289 (Pa. Super. Ct. 2015). So, too, has our court of appeals held that Pennsylvania law requires a private plaintiff pursuing a claim under the UTPCPL to prove justifiable reliance. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008). Accordingly, the Court will not set aside the justifiable reliance requirement as Plaintiffs request.

and that they suffered harm as a result. *See, e.g.*, Sec. Am. Compl. at ¶¶ 33-36. Plaintiffs thus may allege wrongful conduct by Wells Fargo, but they fail to plead any actions pursued on the basis of that conduct. And without a showing of justifiable reliance, Plaintiffs' UTPCPL claim, as pled, falls short.

Accordingly, the Court will grant Wells Fargo's motion and dismiss Count Three of the Second Amended Complaint with prejudice. A fourth bite at the apple would be futile and inequitable and therefore further amendment will not be permitted.

## IV. Conclusion

For the reasons hereinabove stated, the Court will grant the motion to dismiss. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. WARREN and SINDORA M. WARREN, <br><br> Plaintiffs, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.**, *as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2*, <br><br> Defendant. | 2:15-cv-1067 |

## ORDER OF COURT

AND NOW, this 22nd day of February, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 23) filed by Defendant Wells Fargo Bank, N.A., as Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2 ("Wells Fargo"), is **GRANTED**, and Count Three of the Second Amended Complaint is **DISMISSED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that the MOTION TO REQUEST HEARING ON DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 28) filed by Plaintiffs William J. Warren and Sindora M. Warren is **DENIED**. **IT IS FURTHER ORDERED** that Wells Fargo shall file its Answer on or before March 7, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge