# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM J. WARREN and SINDORA M. WARREN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 15-1067<br>) |
| WELLS FARGO BANK, N.A.,<br>as successor by merger to Wells Fargo Bank<br>Minnesota, N.A., as trustee for Merrill Lynch<br>Mortgage Investors Trust, Mortgage Loan Asset-<br>Backed Certificates, Series 2003-WMC2, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

ROBERT C. MITCHELL, United States Magistrate Judge

## REPORT AND RECOMMENDATION

I.  **Recommendation**

Now pending before the Court is a motion for summary judgment filed by Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2 ("Wells Fargo") and a motion to strike declaration of Crystal Kearse filed by William J. Warren and Sindora M. Warren ("Plaintiffs"). ECF Nos. 52, 62. Wells Fargo filed a brief, concise statement of material facts ("CSMF"), and supplemental CSMF in support of its motion. ECF Nos. 53-54, 58. Plaintiffs filed a response in opposition to the motion but did not file a responsive CSMF. ECF No. 60. Wells Fargo filed a reply. ECF No. 61. Plaintiffs' motion to strike has also been fully briefed. ECF Nos. 63, 66-67.

For the reasons that follow, it is respectfully recommended that the motion for summary judgment filed by Wells Fargo be granted, and the motion to strike declaration of Crystal Kearse

1

Plaintiffs be denied.

## II.  Report

Plaintiffs commenced this action on August 12, 2015, by filing a four-count complaint alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPACP"), as well as a "violation of discharge" claim. Plaintiffs' UTPACP and "violation of discharge" claims were dismissed at the motion-to-dismiss stage. They have since agreed to withdraw their TCPA claim, leaving only their FDCPA claim for disposition in the pending motion.

The facts are simple and straightforward.[1] Plaintiffs executed a note in favor of WMC Mortgage Corp. for $114,300.00 on December 12, 2002. The note was secured by a mortgage on Plaintiffs' home and designated Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage and its successors and assigns. The mortgage was recorded on December 20, 2002.

On October 6, 2009, Plaintiffs filed for Chapter 7 bankruptcy, at which point, Plaintiffs allege, Wells Fargo "held a secured claim against them[.]" Sec. Am. Compl. ¶ 12, ECF No. 22. Sometime thereafter, they allegedly notified Wells Fargo that they would not retain their home. *Id.* ¶ 14. On January 12, 2010, Plaintiffs were discharged from the bankruptcy. The discharge order prohibited any attempt to collect a debt that had been discharged. *Id.* ¶ 15.

On May 5, 2010, Wells Fargo filed foreclosure complaint in the Court of Common Pleas

---

[1] Under the Local Rules, Plaintiffs were required to file a separate responsive concise statement, "responding to each numbered paragraph in [Wells Fargo's] Concise Statement of Material Facts[.]" LCvR 56(C)(1). They did not. As a result, the Court may deem the material facts in Wells Fargo's CSMF to have been admitted. *See* LCvR 56(E). Ultimately, however, the Court need not decide whether to do so because Plaintiffs made other admissions elsewhere in the record, which prove fatal to their claim.

of Allegheny County, claiming that Plaintiff's mortgage loan had been in default since June 1, 2009. According to Plaintiffs, Wells Fargo alleged in the foreclosure complaint that it held the mortgage by "assignment of mortgage" recorded on January 20, 2010. *Id.* ¶ 18. Pointing to the allegations in Wells Fargo's foreclosure complaint with respect to the timing of the assignment, Plaintiffs allege that "the mortgage was in default prior to the assignment to [Wells Fargo]," which, in their view, renders Wells Fargo a "debt collector" under the FDCPA. *Id.* ¶ 20.

Wells Fargo takes a different view. In support of its motion for summary judgment, Wells Fargo submitted a declaration signed by Crystal Kearse, a Senior Loan Analyst for Ocwen Financial Corp., whose indirect subsidiary is Ocwen Loan Servicing, LLC ("OLS"). Kearse Decl. ¶ 1, ECF No. 58-1 at 1. OLS acts as attorney-in-fact for Wells Fargo through a limited power of attorney executed on August 20, 2012. *Id.* ¶ 2. Wells Fargo attached the following documents to the declaration: (1) a copy of the limited power of attorney between Wells Fargo and OLS; (2) a copy of the note, which purports to contain an undated indorsement in favor of Wells Fargo Bank Minnesota, N.A.; (3) a copy of the mortgage; (4) a copy of the pooling and servicing agreement for the trust, dated as of March 1, 2003; (5) an "assignment of mortgage" dated December 19, 2002, from MERS, as nominee for WMC Mortgage, purportedly to Wells Fargo Bank Minnesota, N.A.; and an "assignment of mortgage" dated January 4, 2010, from MERS, as nominee for WMC Mortgage, to Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Bank, Minnesota, as Trustee for the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2003-WMC2. ECF No. 58-1. Through these documents, Kearse purports to trace the chain of assignments from WMC Mortgage to Wells Fargo, thereby establishing that Wells Fargo held the "debt" before Plaintiffs went into default. Kearse Decl. ¶¶ 9-17.

C.  **Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving to the district court the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322. When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues of fact and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A material fact is a fact whose resolution will affect the outcome of the case under applicable law. *Id.* at 248. Furthermore, summary judgment is only precluded if the dispute about a material fact is "genuine," *i.e.*, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 247–249. The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

D.  **Discussion**

As already noted, Plaintiffs have agreed to voluntarily dismiss their TCPA claim, so their only remaining claim arises under the FDCPA. Wells Fargo argues that it is entitled to summary

judgment as to this claim because it was not acting as a "debt collector."

The FDCPA only applies to the actions of "debt collectors." *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130 (3d Cir. 2009) (citing *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000)). The statute defines a "debt collector" as one who attempts to collect debts "owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors – as opposed to debt collectors – generally are not subject to the FDCPA." *Pollice*, 225 F.3d at 403 (citation omitted). A "creditor" is someone who "offers or extends to offer credit creating a debt or to whom a debt is owed," but this definition excludes "any person [who] receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Stated otherwise, "an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment; conversely, an assignee may be deemed a 'debt collector' if the obligation is already in default when it is assigned." *Pollice*, 225 F.3d at 403 (citations omitted). "Thus, in determining if a defendant is a 'creditor' or a 'debt collector,' the focus is on the status of the debt at the time it was acquired." *Loveless v. Bank of Am., N.A.*, 2014 WL 4437576, at *8 (M.D. Pa. Sept. 9, 2014). The critical question here, then, is whether there is a genuine issue of material fact as to when Wells Fargo acquired the debt: before or after the loan went into default on June 1, 2009.

Plaintiffs argue that Wells Fargo is a "debt collector" because "it was assigned the debt after it was already in default," as evidenced by Wells Fargo's pleading in the foreclosure action, where it alleged that it was assigned the mortgage on January 20, 2010. Pls.' Br. in Opp. at 5, ECF No. 60. They further argue that they "are not able to concede factually that the Defendant did not obtain the debt after default." *Id.* at 9.

Unfortunately for Plaintiffs, they have done just that. In its Requests of Admissions,

5

Wells Fargo asked Plaintiffs to "[a]dmit that Wells Fargo has been the holder of the Note related to the Mortgage Loan since prior to Plaintiffs' default on the Mortgage Loan." Def.'s Ex. 2 at 7, ¶ 14, ECF No. 58-2. Plaintiffs responded, "[a]dmitted." Def.'s Ex. 3 at 2, ¶ 14, ECF No. 58-3.

As the Third Circuit Court of Appeals has explained, "Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992) (citing *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 176 n.7 (3d Cir. 1990)). "'[T]hey cannot be overcome at the summary judgement [sic] stage by contradictory affidavit testimony or other evidence in the summary judgment record.'" *Kida v. EcoWater Sys. LLC*, 2011 WL 4547006, at *4 (E.D. Pa. Sept. 30, 2011) (quoting *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)). "The only way that a party may undo the conclusive effect of a Rule 36 admission is to move the Court to withdraw or amend it." *Gregory v. Home Retention Servs., Inc.*, 2015 WL 3490092, at *4 (D.N.J. June 2, 2015) (citing Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.")). The Court, in turn, may only permit "withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Plaintiffs have not moved (formally or otherwise) to withdraw their admission, even though Wells Fargo relied on the admission in its summary judgment filings. They have not even attempted to explain why they responded affirmatively to Wells Fargo's request, nor, for that matter, even mentioned the admission. Instead, they have sought to undo their admission by making contradictory statements in their response. But "[l]egal memoranda . . . are not evidence" and "cannot by themselves create a factual dispute sufficient to defeat a summary

judgment motion." *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). Thus, the Court will hold Plaintiffs to their admission, which conclusively establishes "that Wells Fargo has been the holder of the Note related to the Mortgage loan since prior to Plaintiffs' default on the Mortgage Loan." Defs.' Ex. 2 at 7, ¶ 14, ECF No. 58-2.

That admission is fatal to Plaintiffs' claim. Under Pennsylvania law, "a note secured by a mortgage is a negotiable instrument." *PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 617 (Pa. Super. Ct. 2014) (citing *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013)). The "holder" is a "person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." 13 Pa. C.S. § 120(b)(21)(i). The holder of the instrument is entitled to enforce it and receive payments thereunder. *Id.* §§ 3109(c) and 3301(1). So by Plaintiffs' own admission, they owed an obligation to Wells Fargo before they went into default on the loan.

Plaintiffs' position as to when Wells Fargo acquired an interest in the debt is further belied by their allegation in the Second Amended Complaint that Wells Fargo "held a secured claim against them [o]n October 6, 2009." Sec. Am. Compl. ¶ 12. That allegation "is a binding judicial admission." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) (citing *Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004)). It establishes that Plaintiffs' owed an obligation to Wells Fargo, evidenced by the secured claim, prior to going into default on June 1, 2009. Accordingly, Wells Fargo cannot be considered a "debt collector" under the FDCPA.

Plaintiffs make much of the 2010 assignment, but that assignment is immaterial to this analysis. Since Plaintiffs admit that Wells Fargo held the note prior to the default, and since the note follows the mortgage, the subsequent formal assignment was not necessary. *CitiMortgage,*

*Inc. v. Barbezat*, 131 A.3d 65, 72 (Pa. Super. Ct. 2016). It was merely "confirmatory" because, as Plaintiffs admit, Wells Fargo already held the note. And it is the note that is considered the "debt" for FDCPA purposes. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012) (explaining that the "obligation to pay off the promissory note is a 'debt' for FDCPA purposes").

Plaintiffs' arguments to the contrary are not convincing. They first argue that either judicial or equitable estoppel should bar Wells Fargo from "chang[ing] their position regarding the timing of the mortgage assignment." ECF No. 60 at 11. But neither doctrine applies here because, simply put, Wells Fargo has not changed its position.

Judicial estoppel only applies if "the party against whom estoppel is sought asserted a position inconsistent with one she previously asserted in a judicial proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996). The positions taken by Wells Fargo in the foreclosure action and this litigation are not inconsistent. Wells Fargo's position here is that it obtained the note well before it went into default and that the 2010 assignment was merely "confirmatory" – which Plaintiffs admit. That position it is not inconsistent with the position Wells Fargo took in the foreclosure action. To be sure, Wells Fargo apparently alleged in the foreclosure action that the mortgage was assigned to it via an "assignment of mortgage" dated January 20, 2010. Nonetheless, that allegation says nothing about when Wells Fargo acquired the *note*, which, Plaintiffs have admitted, occurred before they defaulted.

Similarly, to apply equitable estoppel, the Court must find that Wells Fargo made a material misrepresentation. *McCarron v. FDIC*, 111 F.3d 1089, 1097 (3d Cir. 1997). Just as Wells Fargo has not taken inconsistent positions, it did not materially misrepresent when it was

8

assigned the mortgage in the foreclosure action. The January 2010 assignment did, in fact, take place. There is evidence of it in the record, which Plaintiffs have not disputed. Plaintiffs also fail to show how they relied to their detriment on the alleged misrepresentation in the relevant sense of the term. *Leese v. Adelphoi Vill., Inc.*, 516 F. App'x 192, 194 (3d Cir. 2013) (citation omitted) (explaining that the alleged reliance must be detrimental). They did not "change [their] position for the worse" on account of Wells Fargo's position in the foreclosure action. *U.S. v. Asmar*, 827 F.2d 907, 912 (3d Cir.1987) (citation and quotation marks omitted). What they did do was file this lawsuit, which they may have done even if Wells Fargo had not pled that it obtained the mortgage by assignment in 2010 since the timing of the assignment only mattered for purposes of the FDCPA claim. It was irrelevant for their other claims, which nonetheless failed for other reasons. Even if filing this suit were sufficient to establish detrimental reliance, it cannot be said that Wells Fargo made the allegation in its foreclosure pleading "having any reason to believe" that Plaintiffs would turn around and file suit based on the statement. *Id.* (citation and quotation marks omitted).

Plaintiffs also contend that the *Rooker-Feldman* doctrine applies. The Court fails to see how that could possibly be so. *Rooker–Feldman* precludes "a district court from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Johnson v. Draeger Safety Diagnostics, Inc.*, 594 F. App'x 760, 763–64 (3d Cir. 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). There is no suggestion here that Wells Fargo is attempting to undo the state court's judgment in the foreclosure action.

Finally, Plaintiffs argue that Wells Fargo should be considered a "debt collector"

9

because, in *Oppong v. First Union Mortgage Corp.*, the Third Circuit held that Wells Fargo "'regularly' collects debts" and was thus a "debt collector" under the FDCPA. 215 F. App'x 114, 119 (3d Cir. 2007) (noting that, to be a debt collector, on must either principally or regularly collect debts). True enough. But *Oppong* is distinguishable from this case. In *Oppong*, Wells Fargo could be considered a "debt collector" only because it had "acquired a debt that was already in default." *Id.* at 118. By contrast, in this case, the debt was not acquired after it was in default, so *Oppong*'s discussion of whether Wells Fargo "regularly" collects debts is beside the point. Plaintiffs also point out that the court in *Oppong* concluded that businesses enforcing security interests are not excluded from the definition of "debt collector." This argument misses the mark, too. Wells Fargo has not argued that foreclosure-related activities are excluded. Rather, its position is that it cannot be considered a "debt collector" vis-à-vis the Plaintiffs in this case because the relevant debt was not in default when Wells Fargo acquired it.

In sum, because Plaintiffs have admitted that Wells Fargo held the note prior to their default on the mortgage loan, Wells Fargo cannot be considered a "debt collector" under the FDCPA. Plaintiffs' FDCPA claim should be dismissed on that basis. In view of that, the Court need not consider whether the Kearse Declaration should be stricken, as it is immaterial to the ultimate disposition of Wells Fargo's motion for summary judgment. Thus, it should be denied as moot.

### E. Conclusion

For the reasons stated above, it is respectfully recommended that the motion for summary judgment filed by Wells Fargo be granted, and the motion to strike filed by Plaintiffs be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule

72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days after date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Date: March 9, 2017

s/ *Robert C. Mitchell*  
Robert C. Mitchell  
United States Magistrate Judge